**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **STEPHEN LISSON** | § | |
| | § | |
| **V.** | § | **CIVIL NO. A-05-CA-114-LY** |
| | § | |
| **A.L. MARK O'HARE AND ASSET** | § | |
| **RESEARCH GROUP, INC.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

In 2005, Plaintiff filed a lawsuit against Defendants, alleging that they hacked into his website and copied or otherwise used his copyrighted content in violation of copyright statutes, 17 U.S.C. § 101 et seq., the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Texas Penal Code § 33.02 (actionable under Tex. Civ. Prac. & Rem. Code § 143.001(a)), and common law trespass principles ("cyber trespass"). Apparently, the corporate defendant (Asset Research Group, Inc.) never answered Lisson's complaint, while A.L. Mark O'Hare ("O'Hare") answered on his own behalf, denying Plaintiff's claims. However, that answer was stricken by the District Court for failure to conduct a case-management conference. After the answer was stricken on November 21, 2005, O'Hare took no action in this case; therefore, on March 1, 2007, the District Court ordered that Plaintiff show cause why his case should not be dismissed for failure to prosecute. Plaintiff responded, and ultimately a default judgment was entered against both Defendants in the case.

The case was then referred to this Court for a recommendation regarding the appropriate amount of damages. On April 16, 2007, this Court entered an order setting a hearing on the damage issue for May 15, 2007. On May 15, 2007, Plaintiff – who had no documents or any other materials

with him – appeared in Court, and when recognized to present evidence instead asked the Court if it had visited his website, www.InsiderVC.com, the website in question in this case.  The Court stated that its staff had visited the website after the case had been referred to the undersigned, to become familiar with the case.  Plaintiff, contending that visiting the website constituted an impermissible "fact-finding investigation" going outside the record, then made an oral motion for the Court to recuse itself.  Tr. at 3.  When pressed for the legal basis for his motion to recuse, Mr. Lisson refused to provide one, insisting that until he had the transcript for the hearing then occurring he would be unable to proceed with a proper motion to recuse.  The Court stated that it would therefore take that matter under consideration, and requested Mr. Lisson to put on his damage evidence.  Mr. Lisson chose not to do so.  *Id.* at 9-10.

The transcript of the May 15, 2007 hearing has been available to Plaintiff since May 22, 2007.  Plaintiff stated at the hearing that he had already done the legal research to support his motion for recusal.  Tr. 6.  Furthermore, he stated that he had come to the hearing prepared to put on evidence of damages – despite the fact that he had nary a document or a briefcase with him – had the Court not confirmed that it had "impermissibly" (to his mind) visited his website.  Tr. 9-10

Apparently, the irony of all this escapes Plaintiff.  Plaintiff is requesting damages based on Defendant's alleged copying and "invasion" of his website, yet at the same time he is complaining that the Court's law clerk actually visited the website.  The Court must wonder aloud how, exactly, Plaintiff thought the Court was going to determine if he was legally entitled to damages for improper use of his website without at least receiving some sort of evidence about what it is and the information it contains, and thus why Plaintiff is concerned by the Court's law clerk having visited the site.  In any event, Plaintiff went for nearly a year without taking any action to move the litigation

process along.  It is worth repeating (for the third time) that Plaintiff showed up to court with no documents, no briefcase – he had nothing whatsoever with him – even though he stated on the record that he was otherwise ready to present testimony of damages.  Plaintiff stated that he needed the transcript of the hearing to prepare his written motion to recuse. Now, 23 days after the transcript was available, Plaintiff has still not filed his motion.

It is not clear to the Court what Plaintiff's real designs are with the many lawsuits he has filed in this, and other, federal courts.  One thing is clear however – it does not appear that Plaintiff desires to prosecute this case.  Certainly, he seems to have no desire to demonstrate any damages he allegedly suffered from the Defendant's alleged copying of his website content, or invasion of that site.  Because Plaintiff was given ample opportunity to prove up his alleged damages and has utterly failed to do so, the Court recommends that no damages be awarded to Plaintiff in this case.

## RECOMMENDATION

The Court **RECOMMENDS** that Plaintiff receive no damages against either defendant for failure of proof.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 14th day of June, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE